[Civ. No. 4036. First Appellate District, Division Two.—November 30, 1921.]

JOSEPH GAUME, Appellant, v. WM. P. SHEETS et al., Respondents.

[1] QUIETING TITLE — MUTUAL RESCISSION OF CONTRACT OF SALE — JUDGMENT — PROPER ADJUSTMENT OF RIGHTS OF PARTIES.— Where plaintiff and defendants contributed respectively unequal sums toward the acquisition of certain real property and the conveyance was taken in the name of the plaintiff, and thereafter defendants contracted to purchase plaintiff's interest, the judgment in an action to quiet title brought by the plaintiff, after mutual rescission of the contract, that defendants were entitled to have the legal title to their proportionate interest conveyed to them and to recover the payments made under the contract less the rental value of plaintiff's interest and not allowing plaintiff any amount for taxes, was an equitable and proper one.

APPEAL from a judgment of the Superior Court of San Bernardino County. Edgar A. Luce, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Earl D. Finch for Appellant.

Burton E. Hales and Leonard, Surr & Hellyer for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment rendered in an action in which he sought to

quiet title to certain property in San Bernardino County, against his vendees under a contract to purchase.

Briefly, the facts found by the court and amply supported by the evidence, are: That on or about August 10, 1915, and for some time prior thereto, Karl C. Wells was the owner of the real property in controversy, about ten acres of land planted with fruit trees, and certain shares of stock in a water company; that said property was subject to a mortgage in favor of plaintiff; that at the time of the transfer of said property by Wells to plaintiff, hereinafter mentioned, the mortgage upon said property so held by plaintiff amounted to the sum of $5,600; that on or about August 10, 1915, the said Wells conveyed the said real property to plaintiff; that a consideration was rendered and paid to Wells for said conveyance to plaintiff and that consideration was in part rendered and paid by plaintiff and was in part paid by the defendants in this action, and was as follows: Plaintiff surrendered up to said Wells, as paid, the note secured by said mortgage and satisfied and discharged said mortgage, and defendants' conveyed to said Wells two houses and lots situated in the city of San Diego, California, specifically described in the findings, which said property was subject to a mortgage of $600, and defendants also paid Wells the sum of $750 by the execution and delivery of their note for said amount, which note was intended by the parties to cover the amount of the mortgage on the San Diego property and the amount of street assessments against the same. Thus defendants, in effect, conveyed to Wells the San Diego property free of encumbrances. The court found that the reasonable market value of said San Diego property free of encumbrance was $2,000; that the total consideration paid to Wells for the conveyance of the San Bernardino ranch was equivalent to the sum of $7,600, of which consideration the amount rendered and furnished by plaintiff was equivalent to the sum of $5,500 and that rendered and furnished by defendants was equivalent to the sum of $2,000.

It is practically conceded by the appellant that the evidence sustains the above findings; but it is urged that the further finding of the trial court to the effect that said consideration was so rendered and paid said Wells by plaintiff and defendants pursuant to understandings and agree-

ments had and made between said Wells, plaintiff, and defendants to the effect that each of said persons would do the act or thing which it is found he did do, is not supported by the evidence. This contention is without merit, as the finding of which complaint is made is amply sustained by the testimony of the defendant Clyde M. Sheets and by the testimony of Karl Wells, and it is not necessary to set out such testimony here.

The court further found that on or about the same time at which said Wells transferred and conveyed said San Bernardino property to plaintiff, plaintiff and defendant entered into an agreement in writing for the sale of plaintiff's interest in the San Bernardino ranch, and under this agreement the defendants entered into possession of the ranch and made the payments of $50 a month called for by said agreement up until April 10, 1916, at which time they defaulted in their payments; that on May 10, 1916, said agreement was mutually rescinded and abandoned by plaintiff and defendants and defendants surrendered and yielded up the possession of all of said San Bernardino ranch to plaintiffs.

It is unnecessary for us to discuss the questions of the rescission of the contract between plaintiff and the defendants and of the right of the defendants to have it declared that a resulting trust for their benefit attached to the property for the proportion thereof which the amount paid by them bears to the entire amount of the purchase price paid to Wells for the property. This is because these matters, between these same parties, under the precise facts presented by the present record, were submitted to our supreme court upon a former appeal in this action. A careful discussion of the rules of law applicable under the facts as found by the trial court was entered into by Justice Wilbur in the opinion filed in *Gaume* v. *Sheets,* reported in 181 Cal. 119 [183 Pac. 535]. The questions of the effectiveness of the actions of the parties to accomplish a mutual rescission of the contract, and of the defendants' right to recover the payments made by them under the same, are, therefore, authoritatively settled and require no further discussion by us.

[1] The trial court found that the defendants were the equitable owners of a 20/76 interest in the San Bernardino

ranch, and decreed that they were entitled to have the legal
title to the same conveyed to them by the plaintiff; also
that the defendants recover $350 paid by them to plain-
tiff as installment payments under their contract of pur-
chase, but allowed to the plaintiff the sum of $265.27 as
rental value of his 56/76 interest in the ranch during the
period it was occupied by the defendants. It was specifi-
cally found by the court that the parties had stipulated
that they would withdraw from consideration by the court
the adjustment of rentals and profits for the period be-
tween the time when the contract was rescinded and the
plaintiff took possession of the entire ranch, and the period
when the defendants should again be restored to the pos-
session of their 20/76 interest therein. The judgment of
the court merely attempted to settle the claims of the
parties up to the date of the rescission of the contract be-
tween them.

The judgment rendered appears to us to be good sense,
exact justice, and good law under the findings of fact.
There is nothing inequitable about it, appellant's conten-
tion to the contrary notwithstanding. This is apparent
from the fact that the record contains the testimony of the
plaintiff himself that he had at a previous time accepted
a mortgage upon the property for $7,500. It is a clear
inference from this fact that the value of the property is
sufficient to reimburse the plaintiff and the defendants for
the amounts contributed by them toward its acquisition.

There is only one other point raised by the appellant
that merits discussion and that is his insistence that the
plaintiff should have been allowed, in addition to the
rental value, the amount of the taxes due upon the property
which became a lien in March, 1916, and which, under the
contract between the parties, the defendants were to pay,
but did not pay. The answer to this contention is an
obvious one. The adjustment made by the trial court is
not under the terms of the contract; it is an adjustment
upon a rescission of the contract. The theory is to restore
to the plaintiff, as nearly as possible, what he parted with
under the contract and to do the same by the defendants.
Under the contract the defendants were not to be charged
with the reasonable rental of the land, but under the judg-
ment of the court this was taken as the most accurate

method of restoring to plaintiff that of which he had been deprived during the existence of the contract, i. e., the possession of his share of the ranch. The defendants, on the other hand, were permitted to recover what they had paid plaintiff under the contract. Had they paid the taxes or any other charges under the contract, which charges would not have been proper had defendants been merely tenants renting the land by the year, such items should have been restored to them by the judgment of the court. The adjustment between the parties is not on the basis of the contract obligations, but was an attempt to settle their claims as though the contract had not existed, it having been rescinded and such rescission having effected a complete extinguishment of the contract. (Civ. Code, sec. 1688.)

The judgment is affirmed.

*Nourse, J.*, and *Sturtevant, J.*, concurred.